LITTLETON *v.* PERRY.

In a complaint for bastardy made by the prospective mother there should be an allegation of the time when and the place where the child was begotten.

But when the complaint is made by the selectmen, on behalf of the town upon which the bastard is chargeable after the birth of the child, the statute does not require any allegation of the place where the child was begotten.

When there is no allegation of place in such a complaint, and the jurisdiction of the magistrate to bind over depends upon proof that the act, complained of was committed within his county, and there is nothing in the record that shows want of jurisdiction, the Court will presume that a binding over by the magistrate was proper until the contrary is shown.

The proceedings in case of bastardy are civil in their nature though criminal in form, and any amendments may be made that would be proper in other civil causes.

COMPLAINT made by the selectmen of Littleton, under the bastardy act, against Jackson M. Perry, to a justice of the peace for the county of Grafton, alleging that one Sally Gordon, of Littleton, on the 1st of April, 1869, was delivered of a child which is living and is a bastard, and is chargeable to Littleton ; and that the said child was begotten on or about July 1st, 1868, by Jackson M. Perry, of Concord, Vermont; and that the said Sally Gordon refuses to make complaint against the said Perry. Perry having recognized for appearance at this court, his counsel moved here to quash for want of jurisdiction, there being no allegation in the original complaint of the place or county where the offence was committed. Subject to exception, the complaint in its present form was held defective ; but it was ruled, *pro forma,* subject to exception, that plaintiff might amend by inserting an allegation of place.

The case was reserved.

*H. & G. A. Bingham,* for plaintiff.

*C. W. & E. D. Rand,* for defendant.

SARGENT, J. Sec. 1, ch. 76, General Statutes, provides that " if any woman is pregnant with a child, which, if born alive, may be a bastard, she may make complaint, in writing, under oath, to any justice of the peace, against any man, charging him with having begotten such child; and said justice may thereupon issue his warrant commanding the person so charged to be brought before some justice of the peace in and for the county in which the offence is alleged to have been committed, or in which the person so charged may reside."

Sec. 2 provides that " the justice before whom such person shall be brought, if he see fit, may order such person to recognize in a reasonable sum, with sufficient sureties to the satisfaction of the justice, to appear at the trial term of the Supreme Court next to be holden within and for the county in which the offence is charged to have been committed, to answer to such complaint, and abide the order of said

court thereon, and in default thereof may commit him until such order is performed."

Sec. 6 provides that " if the mother of a bastard child neglects or refuses to make complaint, * * * * any justice of the peace to whom complaint may be made by said selectmen, at any time before the expiration of one year from the birth of the child, against any man, charging him with having begotten such bastard, may issue his warrant directing such person to be brought before some justice of the peace in the county in which the offence was committed, or in which such offender may reside."

Sec. 7 provides that " such complaint shall be in the name of the town, and the proceedings therein shall be the same in all respects as if the mother had complained."

After the complaint is made, the proceedings are to be the same in the two cases, whether the mother complains or the town. But must the warrants be alike ? The only difference in the wording of the statute between the two cases is, that the justice to whom the complaint is made must issue his warrant in case the mother complains, returnable before some justice of the peace in and for the county in which the offence is alleged to have been committed, or in which the person so charged may reside. While, if the town complains, the warrant must be returnable before some justice of the peace in the county in which the offence was committed, or in which such offender may reside.

Was this difference in the language accidental or intentional ? And is there any good reason why there is this difference in the language, and why there may be a difference in the form of the complaint ? We think that this difference in expression was intentional, and for a good reason, and furnishes a reason for a difference in the form of the complaint.

If the mother complains, then it would seem from the language that there must be an allegation in the complaint of the time when and the place where the child was begotten; and this is reasonable because these facts must necessarily be within the knowledge of the mother, and she should be required to state them, while the town or its officers would not ordinarily know and could not state either the time or place. They could, after the birth of the child, state the time when sufficiently near; but the birth of the child would not aid them in ascertaining the *place where* it was begotten, as it would in regard to the time, and hence the town could not well insert an allegation of place; and it is not required to do what it could not do, but may make complaint omitting that allegation which the mother, if she complains, could and therefore should make.

Hence the difference in the wording of the statute, and the difference in the form prescribed and laid down in Bell's Justice and Sheriff, page 415, form 1049. The form given to be used in case the mother complains has in it the allegation of place as well as time, but that to be used in case the town complains omits the allegation of place altogether. The form used in this case is sufficient.

The magistrate to whom complaint is made must do the best he can

in selecting the county in which to have the warrant returned, with such aid as he may be able to obtain from the officers of the town and others ; and if the respondent lives out of the State, as in this case, so that the warrant cannot be returned in the county in which he lives, then it must be returned where the offence was committed.

If the warrant should be returnable and was returned in a county where, upon the evidence, it should prove that the offence was not committed, then the proceedings would be dismissed, and a second attempt could hardly fail, after having had the testimony of the mother and all the other witnesses introduced on the first trial.

After getting the warrant returned in the right county where the proof shows the offence to have been committed, then the respondent may be bound over in this case, as well as where the mother complains, to appear at court in the county where the offence was committed, that is, where it is proved to have been committed in one case, and where it is alleged and proved to have been committed in the other case.  For though, when the mother complains and alleges the offence to have been committed in one county, the law requires the warrant to be returnable in that county, yet the offence must not only be alleged to have been committed in that county, but proved also, in order to give the magistrate jurisdiction, and to authorize the respondent to be bound over for his appearance at court in that county.  In one case, there must be both allegation and proof of place, while in the other the allegation of place is omitted because the law will not require what is impossible ; but in that case the whole depends upon the proof.

In this case we find that the complaint in the form prescribed by law has been made, that a hearing has been had before the magistrate, and the respondent has been bound over to appear at the court in Grafton county, and he has there appeared.  We presume the magistrate had his warrant returnable in the right county, and that the respondent has been bound over to appear at court in the right county where the offence was proved to have been committed, at the hearing before him. Without such proof the magistrate would have had no jurisdiction to bind over, and where this matter is to be settled by the magistrate by the proof before him, we presume that he has acted rightly.   The maxim, " *omnia presumuntur*" &c., applies in this case, and the burden is thrown upon the respondent to show that he is being tried in the wrong county, if such is the fact.   When he establishes that fact by competent proof, it will be time enough for him to move to be discharged.

The ruling that the complaint was defective was erroneous, for we find this complaint to be all that the statute requires in such cases. The question in regard to the amendment, therefore, becomes immaterial in this case.   In the statute, the act by which the mother is rendered pregnant is termed an offence, yet in our practice it is too well settled to be questioned that these proceedings are civil in their nature, and there is no doubt that any amendment may be made which would be proper in any other civil cause or proceeding.

The complaint being sufficient, and the proceedings thereon such that the Court will presume the cause to be rightly here until the con-

trary is shown, the plaintiff's exception is sustained.    The defendant's motion to quash should have been denied.

*Case discharged.*